## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| RONALD & AMANDA ROBERTS<br>103 June Ave.<br>Hillsboro, OH 45133<br><br>    Plaintiffs,<br><br>  v.<br><br>ADIENT US, LLC<br>1147 N Washington St.<br>Greenfield, OH 45123<br><br> **Serve Also:**<br><br> ADIENT US, LLC<br> c/o CT Corp. System (Stat. Agent)<br> 4400 Easton Commons Way<br> Ste. 125<br> Columbus, OH 43219<br><br> -and-<br><br> ADIENT US, LLC<br> 49200 Halyard Dr.<br> Plymouth, MI 48170<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiffs Ronald and Amanda Roberts, by and through undersigned counsel, as their Complaint against the Defendant, state and aver the following:

## PARTIES

1. Ronald and Amanda Roberts are both residents of the city of Hillsboro, Highland County, state of Ohio.

2. Defendant ADIENT US, LLC ("Adient") is a foreign-incorporated, limited liability company from the state of Michigan that conducts business throughout the state of Ohio.

3. The events that give rise to the claims for relief in this Complaint occurred at Adient's location at 1147 N. Washington St., Greenfield, OH 45123.

4. Adient is, and was at all time hereinafter mentioned, Plaintiff Ronald and Amanda Roberts' employer within the meaning of Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq., and R.C. §41120.1(A)(2).

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs Ronald and Amanda Roberts are alleging a federal law claim under the FMLA.

6. This Court has supplemental jurisdiction over Plaintiff's Ronald and Amanda Roberts' state law claims pursuant to 28 U.S.C. § 1367, as they are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

### A. Overview

8. Plaintiffs Ronald and Amanda Roberts are former employees of Adient.

9. At all times noted herein, Plaintiffs Ronald and Amanda Roberts could fully perform the essential functions of their jobs, with or without reasonable accommodations.

10. Plaintiffs Ronald and Amanda Roberts are African American, placing them in a protected class for their race.

11. Plaintiff Ronald Roberts is disabled (discussed *infra*), placing him in a protected class for his disability and placing Plaintiff Amanda Roberts in a protected class for disability by association.

12. Plaintiffs Ronald and Amanda Roberts' daughter is disabled (discussed *infra*), also placing both Plaintiffs in a protected class for disability by association.

13. Plaintiff Amanda Roberts is a cisgender woman, placing her in a protected class for her gender.

14. Plaintiff Ronald Roberts worked for Adient as an assembler/inspector until Adient terminated his employment.

15. Plaintiff Amanda Roberts worked for Adient as a QA packer until Adient terminated her employment.

16. Plaintiffs Ronald and Amanda Roberts both worked for Adient from November 4, 2018 until their terminations on October 27, 2019.

### B. Adient had Notice of Plaintiffs' Disability Protected Class

17. In or around early 2019, Plaintiffs Ronald and Amanda Roberts' daughter had surgery.

18. During their employment interviews, Plaintiffs Ronald and Amanda Roberts both gave notice to Adient of the upcoming surgery.

19. The notice of their daughter's surgery constituted Adient's notice of Plaintiff Ronald and Amanda Roberts' protected class for disability by association.

20. Plaintiff Amanda Roberts took time off for the surgery and provided Adient with a doctor's note, as required by Adient policy.

21. Despite the notice and the doctor's note, Plaintiff Amanda Roberts was disciplined for taking the time off.

### C. Plaintiff Ronald Roberts' First Heart Attack

22. In or around August 2019, Plaintiff Ronald Roberts had his first heart attack while at work.

23. Plaintiff Ronald Roberts was found on the ground, unconscious and was rushed to the hospital.

24. Plaintiff Ronald Roberts did not take any substantial amount of time off work, returning only a few days after the heart attack occurred.

25. This event constituted Adient's notice of Plaintiff Ronald Roberts' protected class for disability.

### D. Plaintiff Amanda Roberts was Subjected to Race Discrimination

26. Beginning in or around October 2019, a repair associate for Adient, Jessica Burst, became infatuated with Plaintiff Ronald Roberts.

27. Upon information and belief, Burst is a Caucasian, cisgender woman.

28. Burst began making shrewd comments to Plaintiff Amanda Roberts, threatening to "fuck Ron" if she wanted to.

29. Plaintiff Amanda Roberts reported this sexual harassment to Union Inspector, Daniel LNU, who in turn spoke to Burst about the incident.

30. Adient has a policy and practice for filing and investigating complaints.

31. After the investigation, Plaintiff Amanda Roberts was invited to a meeting with various people associated with the union and some Adient managers.

32. Burst was not among those invited to this meeting.

33. At the meeting, Plaintiff Amanda Roberts' job was threatened for "starting drama" at work.

34. Therefore, Adient took disciplinary action against the African American woman for making a protected complaint of sexual harassment but did not discipline the Caucasian woman who was perpetuating sexual harassment in the workplace.

35. This was disparate treatment against Plaintiff Amanda Roberts.

### E. Plaintiff Ronald Roberts' Second Heart Attack

36. On or about October 21, 2019, Plaintiff Ronald Roberts had a second heart attack while at work.

37. Again, Plaintiff Ronald Roberts was found on the ground unconscious and was rushed to the hospital.

38. Again, Plaintiff Ronald Roberts did not take any substantial amount of time off work, returning only a few days after the heart attack occurred.

39. Notably, Adient never offered or provided either Plaintiff Ronald Roberts or Plaintiff Amanda Roberts any information or paperwork about their FMLA leave eligibility.

40. At this point, both Plaintiffs were eligible to receive FMLA leave due to Ronald Roberts' serious health condition.

### F. Defendant Terminated Plaintiff's Employment

41. On or about October 27, 2019, Plaintiff Amanda Roberts received a phone call from her daughter telling her that Plaintiff Ronald Roberts was again in the hospital.

42. Plaintiff Amanda Roberts gave notice to her supervisor, Amber Snodgrass, and left for the hospital immediately.

43. The Plaintiffs learned that Plaintiff Ronald Roberts would soon need heart surgery.

44. Both Plaintiffs stayed in constant contact with Adient throughout the entire process from learning about the need for surgery through recovery, constituting Defendant's notice of Plaintiff Ronald Roberts' serious health condition.

45. At no point in time did Adient offer either Plaintiff any information regarding FMLA leave.

46. Plaintiff Ronald Roberts was released from the hospital in or around early November 2019, and promptly returned to work.

47. On or about November 29, 2019, both Plaintiff's employments were terminated citing attendance issues, specifically their absence on October 29, 2019, as the rationale.

48. On October 29, 2019, Plaintiff Ronald Roberts was recovering from his heart surgery; a fact that Adient had notice of.

49. Such absences should have been covered by FMLA leave because they were connected to Plaintiff Ronald Robert's serious health condition.

50. Instead of providing information to either Plaintiff regarding FMLA leave, Adient stayed silent and subsequently terminated their employment.

51. Therefore, Adient interfered with Plaintiff's FMLA rights.

52. Defendant's purported reason for the Plaintiffs' termination was pretext.

53. Defendant actually terminated Plaintiffs' employment discriminatorily against their protected disability classes, gender protected class (for Amanda Roberts), race protected classes, in retaliation against previous protected complaints, and to interfere with their FMLA rights.

54. As a result of Defendant's acts and omissions, Plaintiffs have suffered damages.

## COUNT I: RACE DISCRIMINATION

55. Plaintiffs Ronald and Amanda Roberts restate each and every prior paragraph of the Complaint, as if they were fully restated herein.

56. Throughout their employment, Plaintiffs were fully qualified for and competent to perform their essential job duties with or without reasonable accommodations.

57. Adient treated Plaintiffs differently than other similarly situated employees based on their race; for example, against Plaintiff Amanda Roberts when she was disciplined for "starting drama" in the workplace by reporting sexual harassment in the workplace, but Burst, who had perpetuated the harassment, was not.

58. Adient violated R.C. § 4112.02(A) *et seq*. by discriminating against Plaintiffs due to their race.

59. On or about November 29, 2019, Adient terminated Plaintiffs' employment without just cause.

60. Adient's purported reason for Plaintiff's Ronald and Amanda Roberts' employment terminations was pretextual.

61. At all times herein, similarly situated non-African American employees were not terminated without just cause.

62. Adient terminated Plaintiffs' employment based on their race.

63. Defendant violated R.C. § 4112.01 *et seq*. when they terminated Plaintiffs based on their race.

64. Plaintiffs suffered emotional distress as a result of Defendant's conduct, and are entitled emotional distress damages pursuant to R.C. § 4122.01 *et seq*.

65. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer damages.

## COUNT II: SEX/GENDER DISCRIMINATION & SEXUAL HARASSMENT

### (Plaintiff Amanda Roberts Only)

66. Plaintiff Amanda Roberts restates each and every paragraph of this Complaint, as if they were fully restated herein.

67. Plaintiff Amanda Roberts is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

68. Adient treated Plaintiff Amanda Roberts differently than other similarly situated employees based on her gender.

69. Adient discriminated against Plaintiff Amanda Roberts on the basis of her gender throughout her employment with the company.

70. Adient terminated Plaintiff Amanda Roberts' employment without just cause.

71. Adient's purported reason for terminating Plaintiff Amanda Roberts' employment was pretextual.

72. Adient terminated Plaintiff Amanda Roberts' employment based on her gender.

73. Adient discrimination against Plaintiff Amanda Roberts based on her gender violated R.C. § 4112.01 *et seq*.

74. Plaintiff Amanda Roberts suffered emotional distress as a result of Adient's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

75. As a direct and proximate result of Adient's conduct, Plaintiff Amanda Roberts suffered and will continue to suffer damages.

## COUNT III: DISABILITY DISCRIMINATION, INCLUDING BY ASSOCIATION

76. Plaintiffs Ronald and Amanda Roberts restate each and every paragraph of this Complaint, as if they were fully restated herein.

77. Plaintiff Ronald Roberts suffers from a disability related to his two heart attacks and heart surgery.

78. Plaintiff Ronald Roberts' condition constitutes a physical impairment.

79. Plaintiff Ronald Roberts' condition substantially impaired one or more of his major life activities including working.

80. Plaintiffs Ronald and Amanda Roberts' daughter has a disability, putting both Plaintiffs within the protected class of disability by association.

81. Plaintiffs Ronald and Amanda Roberts' daughter's condition substantially impaired one or more of their major life activities including working.

82. On or about November 29, 2019, Adient terminated both Plaintiff's employment without just cause citing only attendance issues as the rationale.

83. Adient specifically cited Plaintiffs' absences on October 29, 2019 as rationale for their decision to terminate the Plaintiff's employment.

84. On October 29, 2019, Adient had notice of Plaintiff Ronald Roberts' heart surgery and that he was recovering from his operation on that day.

85. Therefore, Adient terminated both Plaintiff's employment based on Plaintiff Ronald Robert's disability and Plaintiff Amanda Roberts' disability by association.

86. Adient violated R.C.§ 4112.02 when it discharged both Plaintiffs based on Plaintiff Ronald Robert's disability and Plaintiff Amanda Roberts' disability by association

87. Plaintiffs Ronald and Amanda Roberts suffered emotional distress as a result of Adient's conduct, and is entitled emotional distress damages pursuant to R.C. §4112.01 et seq.

88. As a direct and proximate result of Adient's conduct, both Plaintiffs have suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: RETALIATION

### (Plaintiff Amanda Roberts Only)

89. Plaintiff Amanda Roberts restate each and every paragraph of this Complaint, as if they were fully restated herein.

90. As a result of Adient's discriminatory conduct described above, Plaintiff Amanda Roberts reported the sexual harassment that she was experiencing.

91. After Plaintiff Amanda Roberts reported the sexual harassment, she was disciplined for "starting drama" in the workplace.

92. Adient's actions were retaliatory in nature based on Plaintiff Amanda Robert's opposition to the unlawful discriminatory conduct.

93. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

94. Plaintiff Amanda Roberts suffered emotional distress as a result of Adient's conduct, and it entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

95. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Plaintiff Amanda Roberts, she suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

96. Plaintiffs Ronald and Amanda Roberts restate each and every paragraph of this Complaint, as if they were fully restated herein.

97. Pursuant to 29 U.S.C. § 260 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

98. Adient is a covered employer under FMLA.

99. During their employment, Plaintiffs qualified for FMLA leave.

100. During their employment, Plaintiffs were neither informed of their eligibility nor given paperwork to obtain FMLA leave.

101. Adient failed to properly advise Plaintiffs of their rights under FMLA.

102. Instead of offering Plaintiffs proper advisement, Adient terminated their employment.

103. Therefore, Adient unlawfully interfered with Plaintiffs' exercise of their rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

104. As a direct and proximate result of Adient's conduct, Plaintiffs' medical insurance was canceled, furthering impeding and harming Plaintiff Ronald Roberts' recovery.

105. As a direct and proximate result of Adient's conduct, Plaintiffs are entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Ronald and Amanda Roberts demand from Defendant the following:

(a) Issue an order requiring Adient to restore Plaintiffs Ronald and Amanda Roberts to one of the positions to which they were entitled by virtue of their applications and qualifications, and expunge their personnel files of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate both Plaintiffs for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim, to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for both Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted

*/s/ Matthew G. Bruce*
Matthew G. Bruce (0083769)
  Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax: (216) 291-5744
Email: Evan.McFarland@SpitzLawFirm.com
Email: Matthew.Bruce@SpitzLawFirm.com

*Attorneys for Plaintiffs Ronald and Amanda Roberts.*


# JURY DEMAND

Plaintiffs Ronald and Amanda Roberts demand a trial by jury by the maximum number of jurors permitted.

         */s/ Matthew G. Bruce*
         Matthew G. Bruce (0083769)